OPINION
{¶ 1} Appellant, Stephen S. Dackiewicz, pleaded guilty to two counts of robbery, second-degree felonies in violation of R.C. 2911.02(A)(2). The Lake County Court of Common Pleas sentenced appellant to imprisonment for seven years on each offense, to be served consecutive to one another for a total imprisonment term of fourteen years. Appellant was granted permission by this court to file the underlying appeal despite its untimeliness. Due to the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the statutory mechanism used by the trial court in sentencing appellant to consecutive sentences is now unconstitutional. Therefore, for the reasons that follow, we vacate appellant's sentence and remand this matter to the trial court for further proceedings consistent with this Opinion.
 {¶ 2} Appellant sets forth a single assignment of error for our review:
 {¶ 3} "[1.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE SENTENCE BASED UPON A FINDING OF FACTORS NOT FOUND BY THE JURY OR ADMITTED BY THE DEFENDANT-APPELLANT IN VIOLATION OF THE DEFENDANT-APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO TRIAL BY JURY."
 {¶ 4} Appellee concedes in its brief that as a result ofFoster, appellant's sentence must be vacated and this matter remanded to the trial court for sentencing consistent with Foster. InFoster, the Ohio Supreme Court held that R.C. 2929.14(B), 2929.14(C),2929.14(E)(4) and R.C. 2929.19(B)(2) violate a defendant's Sixth Amendment right to a jury trial by replacing the judge as the fact-finder in lieu of the jury. Id.; see, also, Apprendi v. NewJersey (2000), 530 U.S. 466; Blakely v. Washington (2004), 542 U.S. 296. The court further held that following excision of the offending statutes, the statutory sentencing scheme remains in tact.
 {¶ 5} While we agree with appellant and appellee that the consecutive nature of appellant's sentences is unconstitutional post-Foster, we do not agree that the court erred by imposing more-than-the-minimum prison terms. "If an offender has previously served prison time, the trial court is not required to impose the minimum prison term." State v. Bush, 11th Dist. No. 2005-P-0004,2006-Ohio-4038 at ¶ 48. There are no findings of fact necessary to impose more-than-the-minimum prison terms when an offender has previously served time. Id. A prior prison term, in and of itself and without additional findings by the trial court, is sufficient to justify the imposition of more-than-the-minimum prison term pursuant to R.C.2929.14(B)(1). This view is consistent with the United States Supreme Court and the analysis of Foster.
 {¶ 6} R.C. 2929.14(B) states in relevant part:
 {¶ 7} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 8} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 9} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender of others."
 {¶ 10} A close reading of the statute, R.C. 2929.14(B)(1), reveals that no findings of fact are required prior to the imposition of a prison term beyond the statutory minimum if the offender has previously served a prison term. Whether or not a defendant has served a prior prison term is not a question of fact that needs to be decided by the jury or the judge. The defendant either was imprisoned before or he was not. The record will speak for itself. The Ohio Supreme Court's analysis in Foster, as opposed to the syllabus, is consistent with this plain reading of the statute.
 {¶ 11} In Foster, the court stated that "* * * Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will `demean the seriousness' of the crime or will inadequately protect the public * * *." Foster, supra, at ¶ 60. The court went on to conclude that the judicial findings: to wit, demeaning the seriousness of the crime and the inadequate protection of the public, were unconstitutional as they allowed the judge to replace the jury as the fact-finder.
 {¶ 12} Foster was predicated and prompted by the Supreme Court's holding in Apprendi, supra. In Apprendi, the Supreme Court held that,"[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."Apprendi, supra, at 490 (emphasis added). The court failed to diverge from this holding in Apprendi and followed the same analysis inBlakely. Even after Blakely, the court reiterated its position on prior prison terms as outside the realm of the now-unconstitutional judicial fact-finding. United States v. Booker (2005), 543 U.S. 220. "Accordingly, we reaffirm our holding in Apprendi. Any fact (other thana prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 244 (emphasis added).
 {¶ 13} Clearly, the United States Supreme Court, throughApprendi, Blakely and Booker, did not intend for a fact of prior imprisonment to be akin to an unconstitutional fact-finding exercise previously performed by the judiciary. When a court takes judicial notice that a defendant has served a prior prison term, it is not taking a judgment call away from the jury. The judicial finding that prompted the holding in Apprendi was that the offender had committed the crime "with a purpose to intimidate." Apprendi, supra, at 471. This is a question of fact. Likewise, a finding that a crime was committed with deliberate cruelty is a question of fact. See, Blakely, supra.
 {¶ 14} However, the nature of these questions differs entirely from whether a defendant has previously served time in prison. A prior prison term is something of which the court can take judicial notice. It does not require any determination related to the merits of the case. R.C.2929.14(B)(1) is capable of surviving post-Apprendi, post-Blakely, post-Booker and even post-Foster .
 {¶ 15} In the underlying case, the trial court took judicial notice of the fact that appellant had served a prior prison term for multiple robberies in the State of Florida. The trial judge did not make any findings of fact to justify his imposition of more-than-the-minimum because pursuant to R.C. 2929.14(B)(1), he was not required to do so. The prior prison term elevated appellant beyond the minimum without any judicial fact-finding. Therefore, the imposition of this more-than-the-minimum prison term did not offend Foster.
 {¶ 16} However, the trial court also imposed consecutive sentences. In doing so, the trial court relied on R.C. 2929.14(E)(4) and made certain findings of fact to support its sentence. According to Foster, R.C.2929.14(E)(4) is unconstitutional and must be stricken from the sentencing scheme. The trial court is entrusted with full discretion following the severance of the offending portions of the statute. Therefore, appellant's sentence, as it relates to the consecutive nature of the prison terms, is void and must be vacated.
 {¶ 17} For the reasons stated in the Opinion of this court, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.
DIANE V. GRENDELL, J., concurs,
COLLEEN MARY O'TOOLE, J., concurs in judgment only with Concurring Opinion.