OPINION
{¶ 1} Appellant, James R. Blomquist, appeals the sentence imposed by the Lake County Court of Common Pleas following his plea of guilty to the following offenses: Count One: engaging in a pattern of corrupt activity, a felony of the second degree in violation of R.C.2923.32(A)(1), Count Two: forgery, a felony of the fifth degree in violation of R.C. 2913.31(A)(2), Count Seven: forgery, a felony of the fifth degree in violation of R.C. 2913.49(C), Count Thirteen: forgery, a felony of the fifth degree in violation of R.C. 2913.31(A)(2) and Count Twenty-Two: insurance fraud, a felony of the fourth degree in violation of R.C. 2913.47(B)(2).[1] For the following reasons, we reverse and remand this matter for re-sentencing consistent with the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 2} Following appellant's guilty pleas to the above-referenced charges, the Lake County Court of Common Pleas sentenced appellant to the following: six years imprisonment on Count One, nine months imprisonment on Count Two, nine months imprisonment on Count Seven, twelve months imprisonment on Count Twelve, nine months imprisonment on Count Thirteen and twelve months imprisonment on Count Twenty-Two. All sentences were ordered to be served concurrent to each other for a total of six years imprisonment.[2]
 {¶ 3} Appellant challenges these sentences through two assignments of error:
 {¶ 4} "[1] THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT IN A MANNER INCONSISTENT AND DISPROPORTIONATE WITH OTHER SIMILAR OHIO CASES AND THE SENTENCES OF HIS CO-DEFENDANTS.
 {¶ 5} "[2] THE TRIAL COURT ERRED AND VIOLATED DEFENDANT'S RIGHTS PROTECTED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN IT SENTENCED DEFENDANT-APPELLANT BASED ON ALLEGED FACTS THAT WERE NOT ADMITTED OR PROVED BEYOND A REASONABLE DOUBT BEFORE A JURY."
 {¶ 6} Appellant's second assignment of error is dispositive of this appeal and renders the first assignment of error moot. Therefore, we shall address the assignments out of order.
 {¶ 7} Appellant's second assignment of error challenges the sentences imposed by the trial court. Appellant objected to the sentences at the sentencing hearing based on decisions rendered at that time by the United States Supreme Court. Apprendi v. New Jersey (2000),530 U.S. 466; see, also Blakely v. Washington (2004), 542 U.S. 296. Approximately one month after appellant was sentenced, the Ohio Supreme Court decidedFoster. As a result of the Foster decision, certain provisions from Ohio's sentencing scheme were declared unconstitutional. InFoster, the court held that R.C. 2929.14(B), 2929.14(C), 2929.14(E)(4) and R.C. 2929.19(B)(2) violate a defendant's Sixth Amendment right to a jury trial by replacing the judge as the fact-finder in lieu of the jury. Foster, supra; see, also, Apprendi, supra; Blakely, supra. The court further held that following excision of the offending statutes, the statutory sentencing scheme remains in tact.
 {¶ 8} The pre-sentence investigation in the case sub judice revealed that appellant had served a prior prison term. "If an offender has previously served prison time, the trial court is not required to impose the minimum prison term." State v. Bush, 11th Dist. No. 2005-P-0004,2006-Ohio-4038 at ¶ 48. There are no findings of fact necessary to impose a more-than-the-minimum prison term when an offender has previously served time. Id. A prior prison term, in and of itself, and without additional findings by the trial court, is sufficient to justify the imposition of a more-than-the-minimum prison term pursuant to R.C.2929.14(B)(1). This view is consistent with the United States Supreme Court and the analysis of Foster.
 {¶ 9} The Ohio Supreme Court properly analyzed this issue inFoster, yet the syllabus of Foster fails to reflect this distinction and instead calls for the severance of R.C. 2929.14(B) in its entirety. It is incumbent upon the judiciary to review decisions in conjunction with the legal analysis accompanying the same as well as any higher authority. The United States Supreme Court has expressly held that a prior prison term is not an exercise in fact-finding. Apprendi, supra. The Ohio Supreme Court agreed, yet failed to properly memorialize this distinction. See, Foster, supra, at ¶ 60.
 {¶ 10} R.C. 2929.14(B) states in relevant part:
 {¶ 11} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 12} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 13} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender of others."
 {¶ 14} A close reading of the statute, R.C. 2929.14(B)(1), reveals that no findings of fact are required prior to the imposition of a prison term beyond the statutory minimum if the offender has previously served a prison term. Whether or not a defendant has served a prior prison term is not a question of fact that needs to be decided by the jury or the judge. The defendant either was imprisoned before or he was not. The record will speak for itself. The Ohio Supreme Court's analysis in Foster, as opposed to the syllabus, is consistent with this plain reading of the statute.
 {¶ 15} In Foster, the court stated that "* * * Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will `demean the seriousness' of the crime or will inadequately protect the public * * *." Foster, supra, at ¶ 60. The court went on to conclude that the judicial findings: to wit, demeaning the seriousness of the crime and the inadequate protection of the public, were unconstitutional as the judge had replaced the jury as the fact-finder.
 {¶ 16} Foster was predicated and prompted by the Supreme Court's holding in Apprendi, supra. In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."Apprendi, supra, at 490. (Emphasis added). The court failed to diverge from this holding in Apprendi and followed the same in Blakely. Even after Blakely, the court reiterated its position on prior prison terms as outside the realm of the now-unconstitutional judicial fact-finding.United States v. Booker (2005), 543 U.S. 220. "Accordingly, we reaffirm our holding in Apprendi. Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 244. (Emphasis added).
 {¶ 17} Clearly, the United States Supreme Court, through Apprendi,Blakely and Booker, did not intend for a fact of prior imprisonment, to be akin to an unconstitutional fact-finding exercise previously performed by the judiciary. When a court takes judicial notice that a defendant has served a prior prison term, it is not taking a judgment call away from the jury. The judicial finding that prompted the holding in Apprendi was that the offender had committed the crime "with a purpose to intimidate." Apprendi, supra, at 471. This is a question of fact. Likewise, a finding that a crime was committed with deliberate cruelty is a question of fact. Blakely, supra.
 {¶ 18} However, the nature of these questions differs entirely from whether a defendant has previously served time in prison. A prior prison term is something of which the court can take judicial notice. It does not require any determination related to the merits of the case. R.C.2929.14(B)(1) is capable of surviving post-Apprendi, post-Blakely,post-Booker and even post-Foster.
 {¶ 19} In the underlying case, the trial court took judicial notice of the fact that appellant had served a prior prison term. However, the trial court also went beyond and exceeded the statutory bounds by making findings of fact that are unconstitutional following Foster. The trial court was not required to make these additional findings of fact and it is this exercise in fact-finding that violates Foster. Had the trial court simply sentenced appellant to more-than-the-minimum sentences due to his prior imprisonment, the more-than-the-minimum portion of appellant's sentences could withstand appellate review, even post-Foster. However, the trial court went beyond and entered the realm of judicial fact-finding via R.C. 2929.14(B)(2) to justify its imposition of more-than-the-minimum sentences on appellant. It is this judicial fact-finding that offends Foster and therefore, appellant's sentence must be vacated and this matter must be reversed and remanded for further sentencing proceedings consistent with Foster.
 {¶ 20} The trial court also imposed consecutive sentences to the other criminal case. In doing so, the trial court relied on R.C. 2929.19(B)(2) and made certain findings of fact to support the consecutive nature of these sentences. According to Foster, R.C. 2929.19(B)(2) is unconstitutional and must be stricken from the sentencing scheme. Therefore, appellant's sentence, as it relates to the consecutive nature of the prison terms, is void and must be vacated.
 {¶ 21} Upon remand, the trial court is entrusted with full discretion following the severance of the offending portions of the statute. Appellant argues within his second assignment of error that the portion of Foster that provides unfettered discretion to the trial court on resentencing violates his constitutional rights by subjecting him to greater potential punishment due to a change in the law. This argument is not yet ripe for review as appellant has not yet been resentenced.State v. McKercher, 3d Dist. No. 1-05-83, 2006-Ohio-1772; see, also,State v. Lathan, 6th Dist. No. L-03-1188, 2006-Ohio-2490.
 {¶ 22} Appellant's second assignment of error is well taken.
 {¶ 23} Due to the disposition of appellant's second assignment of error, appellant's first assignment of error is now moot as the sentence must be vacated and the matter remanded for resentencing.
 {¶ 24} Appellant's first assignment of error is without merit.
 {¶ 25} For the reasons stated in the Opinion of this court, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion. DIANE V. GRENDELL, J., concurs,
WILLIAM M. O'NEILL, J., concurs in judgment only with Concurring Opinion.
[1] The original indictment contained twenty five counts of various offenses. All other counts were nolled upon application of the state of Ohio.
[2] Appellant was also sentenced in a separate criminal matter, Case No. 05-CR-455, for three years on drug-related charges. The six years imprisonment was ordered to run consecutive to the three years imprisonment period as sentenced in that case.