OPINION
{¶ 1} Appellant, Thomas L. Marker, appeals various judgments entered by the Portage County Court of Common Pleas. The matter was submitted on the record and briefs by the parties herein. Upon review of the record and applicable authorities, we affirm.
 {¶ 2} In the early morning hours of September 15, 2002, appellant entered the garage of a private residence to allegedly obtain gasoline for his vehicle. When one of the home's occupants stepped outside to smoke a cigarette, she observed appellant with a female companion in her driveway. The occupant alerted several family *Page 2 
members who chased the couple away. Upon inspecting their belongings, the family noticed their garage and truck had been entered. They further discovered a lock on a closed trailer had been pried off and a car jack removed. The family also noticed blood stains on their 1982 Chevrolet.[1] A police report was filed which ultimately led to appellant's arrest.
 {¶ 3} On December 30, 2003, appellant was indicted by the Portage County Grand Jury on one count of burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2), (B), and (C). A public defender was appointed to represent appellant. Eventually, appointed counsel moved the court to withdraw as counsel of record. The court granted the motion and appellant retained new defense counsel.
 {¶ 4} On April 14, 2005, the Portage County Grand Jury issued an additional indictment charging appellant with one count of tampering with evidence, a felony of the third degree, in violation of R.C.2921.12(A)(1)(B). On June 9, 2005, appellant entered a written plea of guilty to burglary pursuant to the December 30, 2003 indictment. The trial court accepted appellant's plea and nolled the tampering with evidence charge.
 {¶ 5} On June 27, 2005, defense counsel moved the trial court to withdraw as counsel of record. The trial court denied the motion and ordered counsel to remain on the case until appellant's sentencing was complete. On August 22, 2005, appellant appeared for sentencing. Defense counsel informed the court that, according to appellant, the presentence investigation ("PSI") report portrayed appellant's prior record inaccurately. Appellant specifically represented: "[t]here's a burglary on here that's not mine, felonious assault that's not mine, domestic violence, criminal tools, them are my *Page 3 
son's. Them ain't mine. I've never been charged with them." The court continued sentencing to clarify the contents of the PS I report.
 {¶ 6} The following day, defense counsel informed the court that the PSI report was accurate. The matter proceeded to sentencing on August 23, 2005 where the trial court imposed a term of six years imprisonment and a fine of $250. Appellant now appeals and asserts nine errors for our consideration:
 {¶ 7} "[1.] The trial court erred to the prejudice of defendant-appellant by failing to meet the requirements of Crim.R. 11 when it accepted defendant-appellant's guilty plea.
 {¶ 8} "[2.] The trial court erred to the prejudice of defendant-appellant when it denied the motion to withdraw as counsel filed by defendant-appellant's trial attorney.
 {¶ 9} "[3.] Defendant-appellant was prejudiced by ineffective assistance of counsel when his trial attorney failed to raiseFoster and proportionality arguments at sentencing, thus failing to preserve those issues for appeal.
 {¶ 10} "[4.] The trial court violated defendant-appellant's right to equal protection and due process of law under the Fifth andFourteenth Amendments to the U.S. Constitution and under sections 2, 10, and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).
 {¶ 11} "[5.] The trial court erred when it sentenced defendant-appellant to more-than-the-minimum prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 12} "[6.] The trial court erred when it sentenced defendant-appellant to more-than-the-minimum prison term in violation of his right to due process. *Page 4 
 {¶ 13} "[7] The trial court erred when it sentenced defendant-appellant to more-than-the-minimum prison term based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 14} "[8.] The trial court erred when it sentenced defendant-appellant to more-than-the-minimum prison term contrary to the rule of lenity.
 {¶ 15} "[9.] The trial court erred when it sentenced defendant-appellant to more-than-the-minimum prison term contrary to the intent of the Ohio legislators."
 {¶ 16} Under his first assignment of error, appellant contends the trial court erred when it failed to ensure his guilty plea was entered knowingly, intelligently, and voluntarily. Appellant asserts the trial court failed to inquire into his individual ability to understand the consequences of entering the guilty plea during the Crim.R. 11 colloquy and therefore denied him due process.
 {¶ 17} "[T]he basis of Crim.R. 11 is to assure that the defendant is informed, and thus enable the judge to determine that the defendant understands that his plea waives his constitutional right to a trial. And, within that general purpose is contained the further provision which would inform the defendant of other rights and incidents of a trial." State v. Ballard (1981), 66 Ohio St.2d 473, 480.
 {¶ 18} Pursuant to Crim.R. 11(C)(2), a plea of guilty is entered knowingly and voluntarily if the record demonstrates that the trial court advised the defendant (1) of the nature of the charge and its maximum penalty, (2) of the effect of entering the plea, and (3) that he will be waiving certain constitutional rights, viz., the right to jury trial, the right to confront witnesses against him, the right to compulsory process of witnesses, and the right to require the state to prove his guilt beyond a reasonable doubt at a trial *Page 5 
where he cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); see, also, State v. Madeline, 11th Dist. No. 2000-T-0156, 2002-Ohio-1332, 2002 Ohio App. LEXIS 1348, *11. A court must strictly adhere to the requirements of Crim.R. 11(C)(2)(c). State v. Gibson, 11th Dist. No. 2005-P-0066, 2006-Ohio-4182, at ¶ 14, citing State v.Lavender, 11th Dist. No. 2001-L-049, 2001 Ohio App. LEXIS 5858, *11.
 {¶ 19} When reviewing whether a defendant was adequately informed of the relevant constitutional rights, a rote recitation of Crim.R. 11(C) is unnecessary. State v. Porterfield, 11th Dist. No. 2002-T-0045, 2004-Ohio-520, at ¶ 22. The focus on appeal is whether the record demonstrates that the trial court sufficiently explicated or referenced the right in a manner reasonably intelligible to that defendant. Id.
 {¶ 20} Appellant aptly observes that due process obligates a trial court to ensure that a defendant enters a guilty plea voluntarily with knowledge of the ramifications of the decision. See, e.g., Boykin v.Alabama (1969), 395 U.S. 238. With this in mind, appellant alleges his right to due process was violated by the trial court's failure to inquire into his educational background, his mental capacity, and whether he was under the care of a physician or medicated before accepting his plea. We disagree.
 {¶ 21} The record of the plea hearing demonstrates the trial court engaged appellant in a thorough plea colloquy and therefore strictly complied with the requirements of Crim.R. 11(C)(2). Moreover, the record is devoid of any evidence indicating appellant was incoherent or otherwise unable to enter a valid plea. Without some evidence that the inquiries at issue were necessary to ensure appellant's plea was entered knowingly and voluntarily, we hold appellant was afforded due process of law.
 {¶ 22} Appellant's first assignment of error lacks merit. *Page 6 
 {¶ 23} Under his second assignment of error, appellant contends he was harmed when the trial court denied trial counsel's motion to withdraw.
 {¶ 24} Absent an abuse of discretion, we will not disturb the trial court's decision on a motion for the withdrawal of trial counsel.State v. Jones (2001), 91 Ohio St.3d 335, 343. Therefore, unless the court's decision is arbitrary or unreasonable, we shall affirm its determination. See, e.g., State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 25} We initially point out that appellant's assigned error asserts he somehow suffered prejudice from the trial court's denial of counsel's motion to withdraw. However, appellant fails to offer a basis for his claim of prejudice. Without some argument as to how appellant suffered prejudice, any error resulting from the court's failure to provide a written explanation for its ruling is harmless. However, assuming appellant provided sufficient grounds for his assertion, we hold the trial court's decision was reasonable.
 {¶ 26} The record reveals defense counsel moved the court to withdraw due to apparent ethical concerns that arose during his representation of appellant. Counsel's motion consisted of citations to Ohio Ethical Consideration 5-1 and Ethical Consideration 4-1. However, counsel failed to develop the specific manner in which his representation would compromise his ethical obligations under the forgoing rules. Where counsel seeks to withdraw, irrespective of the timing, he or she must set forth facts supporting his or her conclusion that withdrawal is necessary. Here, counsel failed to support his motion with factual allegations buttressing his general conclusion that his continued representation would violate the ethical rules upon which he relied.
 {¶ 27} Appellant points out that the trial court did not offer a justification for denying the motion. However, the motion upon which the order was premised failed to *Page 7 
set forth a fact-specific basis for withdrawal and thus the court had no argument to consider. Under such circumstances, the substantive inadequacies of counsel's motion provide sufficient justification for the trial court's denial. Therefore, the trial court did not abuse its discretion.
 {¶ 28} Appellant's second assignment of error is without merit.
 {¶ 29} Appellant's third assignment of error argues he suffered ineffective assistance of counsel because his trial attorney failed to raise State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 and "proportionality" objections at sentencing.
 {¶ 30} In order to assert a meritorious claim for ineffective assistance of counsel, an appellant must satisfy the two-prong standard set forth in Strickland v. Washington (1984), 466 U.S. 668. In particular, an appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 698.
 {¶ 31} Analysis of counsel's performance is judged objectively, based upon the facts of the specific case, giving deference to all reasonable trial strategies. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687.
 {¶ 32} Because Strickland requires a demonstration of both deficient performance and prejudice, the order in which the elements are addressed is of no moment. That is, where an appellant fails to meet either prong, his assertion of ineffectiveness fails as a matter of law. *Page 8 
 {¶ 33} We shall first address appellant's argument as it relates to counsel's failure to object on "proportionality" grounds." The issue of "proportionality" in sentencing is derived from the language of R.C. R.C. 2929.11. Specifically, R.C. 2929.11(A) sets forth the overriding purposes of felony sentencing, i.e., "to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, R.C. 2929.11(B) provides a felony sentence must be "commensurate and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C.2929.11(B)
 {¶ 34} This court has held that a proper and circumspect application of the sentencing guidelines acts to ensure proportionality and consistency under R.C 2929.11(B). State v. Swiderski, 11th Dist. No. 2004-L-112, 2005-Ohio-6705, at ¶ 58; see, also, State v. Spellman, 160 Ohio App.3d 718, 722, 2005-Ohio-2065. Therefore, to the extent the trial court considered and applied the necessary statutory provisions, a sentence shall be deemed consistent and proportionate to those imposed for similar crimes.
 {¶ 35} That said, appellant was sentenced to six years imprisonment when he pleaded guilty to one count of burglary, pursuant to R.C.2911.12(A)(2), (B), and (C), a felony of the second degree. Pursuant to R.C. 2929.14(A)(2), a person who pleads guilty to or is convicted of a felony of the second degree may be sentenced to prison between two and eight years.
 {¶ 36} At the sentencing hearing, the trial court stated it had considered the purposes and principles of R.C. 2929.11(A) and the need to "incapacitate, deter, *Page 9 
rehabilitate * * * the defendant." The court also considered the applicable "seriousness" and "recidivism" factors under R.C. 2929.12. Finally, in its sentencing entry the trial court determined appellant had served a previous prison term.
 {¶ 37} Observing the record as a whole, we hold the trial court followed the necessary statutory guidelines in arriving at appellant's sentence. As a matter of law, appellant's sentence is consistent with and not disproportionate to similar crimes committed by similar offenders. See, Swiderski, supra; see, also, Spellman, supra. In short, therefore, appellant did not suffer prejudice from counsel's failure to object regarding the issue of proportionality.
 {¶ 38} With respect to counsel's failure to allege a Foster- oriented objection, we first point out appellant was sentenced on August 23, 2005, well before the Supreme Court's release of Foster on February 27, 2006. Were the Foster issue waived due to counsel's omission, we could infer appellant suffered an ensuing prejudice resulting from an alleged defect in counsel's performance. However, courts in Ohio are split as to whether the failure to object at the sentencing hearing acts as a waiver of the Foster issue. The Ninth and Tenth Appellate Districts have found that Foster issues may be waived if they are not raised to the trial court. See, e.g., State v. Silverman, 10th Dist. Nos. 05AP-837, 05AP-838, 05AP-839, 2006-Ohio-3826, at ¶ 139-141; State v. Jones, 9th Dist. No. 22811, 2006-Ohio-1829. Alternatively, the Second, Sixth, and Seventh Appellate Districts have held the Foster issue cannot be waived. See, State v. Montgomery, 2d Dist. No. 21507, 2007-Ohio-440; State v.Brinkman, 6th Dist. No. WD-05-058, 2006-Ohio-3868; State v.Buchanan, 7th Dist. No. 05-MA-60, 2006-Ohio-5633. *Page 10 
 {¶ 39} Here, because appellant takes issue with his sentence andFoster explicitly applies to all cases pending on direct review, we align ourselves with those appellate districts which hold theFoster error cannot be waived.[2] As it cannot be waived, we hold appellant could not suffer prejudice from counsel's failure to object. Accordingly, appellant did not suffer ineffective assistance of counsel.
 {¶ 40} We now address the impact of Foster, if any, on appellant's sentence. In Foster, R.C. 2929.14(B), the statute authorizing a court to impose "more-than-the-minimum" prison term, was held unconstitutional by the Supreme Court of Ohio. Former R.C. 2929.14(B)(1) authorized a court to impose more-than-the-minimum where the offender "previously had served a prison term." However, pursuant to the authority upon whichFoster is premised, an offender's prior imprisonment is not a fact which, when found by a court, is repugnant to the Sixth Amendment. SeeApprendi v. New Jersey (2000), 530 U.S. 466, 490; see, also, Blakely v.Washington (2004), 542 U.S. 296; United States v. Booker (2005),543 U.S. 220, 244. As such, this court has held a prior prison term is an historical fact of which a court may take judicial notice without engaging in unconstitutional judicial factfinding. State v.Blomquist, 11th Dist. No. 2006-L-024, 2006-Ohio-7012, at ¶ 18; State v.Kimble, 11th Dist. No. 2005-T-0086, 2006-Ohio-6863, at ¶ 42; State v.Dackiewicz, 11th Dist. No. 2006-L-150, 2006-Ohio-6692, at ¶ 14.
 {¶ 41} Here, the trial court stated appellant had served a prior prison term. However, the court's sentence did not rely upon an unconstitutional judicial finding of fact nor did it explicitly base its sentence on a statutory provision excised from the *Page 11 
Code. Because a prior prison term is not a finding prohibited byApprendi and its progeny, the trial court's imposition of more-than-the-minimum prison term does not violate the Supreme Court's pronouncement in Foster. As a result, Foster has no impact on the instant sentence.
 {¶ 42} Appellant's third assignment of error lacks merit.
 {¶ 43} Under his fourth assignment of error, appellant argues the trial court violated his rights to equal protection and due process in sentencing him in a manner inconsistent with similarly situated offenders. To achieve consistency, appellant asserts a trial court must conduct an intrastate survey of the prison time imposed on offenders sentenced subsequent to pleading guilty to a felony two burglary charge and sentence him to a generally commensurate term. We disagree.
 {¶ 44} As indicated in our previous analysis, a trial court need not compare the case before it with other similar cases in order to arrive at a consistent sentence. See, Swiderski, supra.; see, also,Spellman, supra. When a trial court properly applies the statutory sentencing guidelines, it has met the goal of consistency set forth under R.C. 2929.11(B). Id. Although "consistency" under Ohio's sentencing code ensures an offender will enjoy equal consideration under the applicable sentencing statutes, it does not mandate equal treatmentfor all "similarly situated" offenders. In short, consistency is achieved where a court scrupulously follows the proper sentencing provisions towards the end of meeting the overriding purposes of felony sentencing. Here, we hold *Page 12 
the trial court's sentence is consistent with other sentences for similar crimes committed by similar offenders.[3]
 {¶ 45} Appellant's fourth assignment of error is without merit.
 {¶ 46} Appellant's fifth, sixth, seventh, and ninth assignments of error collectively challenge the remedy announced under Foster. In particular, appellant asserts the trial court's application ofFoster violates the principle of separation of powers, the Due Process Clause, and the prohibition against ex post facto laws all contained in the United States and Ohio Constitutions.
 {¶ 47} As indicated supra, appellant was sentenced prior to the Supreme Court's announcement in Foster. Nonetheless, pursuant to our analysis under appellant's third assignment of error, Foster does not apply to appellant's sentence. However, we point out that even ifFoster did apply to the instant sentence, appellant's argument would be premature because he was not sentenced under the post-Foster sentencing structure. State v. Rady, 11th Dist. No. 2006-L-012, 2006-Ohio-3434, at ¶ 16.
 {¶ 48} Appellant's fifth, sixth, seventh, and ninth assignments of error therefore lack merit.
 {¶ 49} Appellant's eighth assignment of error asserts the trial court's imposition of more-than-the-minimum prison term violated the rule of lenity. We disagree. *Page 13 
 {¶ 50} "The "rule of lenity" is a principle of statutory construction which states that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant where the intended scope of the statute is ambiguous.'" State v. Elswick, 11th Dist. No. 2006-L-075, 2006Ohio-7011, at ¶ 42. (Citations omitted).
 {¶ 51} Because appellant was sentenced before the Supreme Court's announcement in Foster, the trial court was bound to apply the law as it existed prior to Foster's ruling. Appellant fails to identify any ambiguity within the pre-Foster statutory structure. Therefore, the trial court's sentence did not offend the rule of lenity.
 {¶ 52} Appellant's eighth assignment of error lacks merit.
 {¶ 53} For the reasons set forth above, appellant's nine assignments of error are without merit. Thus, the judgment of the Portage County Court of Common Pleas is hereby affirmed.
MARY JANE TRAPP, J., concurs,
COLLEEN MARY OTOOLE, J., concurs with Concurring Opinion.
[1] Appellant maintained, prior to entering the victims' garage, he had a fight with his son and his ex-wife's boyfriend which left him beaten and bloody.
[2] The Sixth Appellate District certified a conflict to the Supreme Court of Ohio pertaining to the split on the issue of waiver inBrinkman, supra, at ¶ 33.
[3] Even if we were persuaded by appellant's assertion that consistency requires a court to engage in a perfunctory comparison of like cases and sentences, appellant fails to submit case comparisons which would conclusively support his argument. Appellant cites three cases, each involving offenders sentenced for convictions of felony two burglary. In one case, the offender was sentenced to four years (State v. Banks (Aug. 7, 2006), 12th Dist. No. CA2005-10-457,2006 WL 2243307), in two other cases, the offenders were sentenced to five years (State v. Stoneburner, 11th Dist. No. 2005-L-201, 2006-Ohio-4036 andState v. Kral, 11th Dist. No. 2006-L-018, 2006-Ohio-2884). We do not believe appellant's six year sentence is inconsistent or out-of-proportion with these sentence. Hence, even if we accepted appellant's metric, he still fails to demonstrate error on the part of the trial court.