[Cite as *State v. Musacchio*, 2019-Ohio-1413.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-076** |
| PETER MUSACCHIO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 000629.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor; *Karen A. Sheppert* and *Carolyn K. Mulligan,* Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Richard J. Perez,* 4230 State Route 306, Suite 240, Willoughby, OH 44094; and *Ian N. Friedman* and *Brad S. Wolfe,* Friedman & Nemecek, LLC, 1360 E. 9th Street, Suite 650, Cleveland, OH 44114 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Peter Musacchio, appeals from the judgment of the Lake County Court of Common Pleas sentencing him to a total of 120 months imprisonment for two counts of gross sexual imposition. Appellant contends this sentence is inconsistent and disproportionate compared with similar Ohio cases. For the reasons discussed in this opinion, we affirm the trial court's judgment.

{¶2} In June 2017, appellant was indicted on three counts of rape in violation of R.C. 2907.02(A)(1)(B), felonies of the first degree; three counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree; three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree; and two counts of disseminating material harmful to juveniles in violation of R.C. 2907.31(A)(4), felonies of the fifth degree. In all but one count of disseminating material harmful to juveniles, the victim was believed to be appellant's biological daughter and were alleged to occur between 2009 and 2012, when the victim was in grade school.

{¶3} In March 2018, appellant pled guilty to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. The state and appellant jointly recommended a sentence of eight years. However, the Lake County Court of Common Pleas sentenced appellant to 60 months prison on each count to be served consecutively for a total of 10 years, the maximum sentence allowed by R.C. 2929.14(A)(3)(a). Appellant assigns the following error:

{¶4} "The trial court erred when it sentenced appellant in a manner inconsistent and disproportionate with other, similar Ohio cases."

{¶5} R.C. 2953.08(G)(2) permits an appellate court to review the record and increase, reduce, or vacate the sentence, or remand the matter to the sentencing court for resentencing if it finds the record does not clearly and convincingly support the sentencing court's findings or the sentence is otherwise contrary to law. *Id. See also State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1.

2

{¶6} Appellant "respectfully submits that nothing about his conduct or the offenses in this matter, [sic] supports a one hundred and twenty (120) month prison term." We respectfully disagree.

{¶7} Initially, we note a trial court is not required to abide by a joint recommendation. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶28. In sentencing a defendant for a felony, the trial court is merely required to consider the purposes and principles of sentencing in R.C. 2929.11 and the statutory factors in R.C. 2929.12. *State v. Lloyd,* 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶44. Consistency under Ohio's sentencing code mandates equal consideration of these factors; it does not mandate comparison of the current case to similar cases so as to ensure equal sentences for similar offenses. *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶32. *State v. Marker*, 11th Dist. Portage No. 2006-P-0014, 2007-Ohio-3379, ¶34. Moreover, equal consideration of the factors does not require equal weight be given to each factor. "A trial court is not required to give any particular weight or emphasis to a given set of circumstances, it is merely required to consider the statutory factors in exercising its discretion." *Delmanzo, supra,* at ¶23.

{¶8} Appellant argues the trial court did not "fairly consider the serious and recidivism factors" of R.C. 2929.12. However, though the sentence is greater than the joint recommendation, it cannot be reasonably argued the trial court did not consider the necessary factors. The trial court expressly stated it considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and stated, "the sentence should be commensurate with and not demeaning to the seriousness of the defendant's

conduct and its impact on the victim which is in these types of cases, always, always the biggest issue."

{¶9} At sentencing, the trial court also expressly stated it considered the seriousness and recidivism factors in R.C. 2929.12. It acknowledged the likelihood of recidivism was low and that appellant had no prior criminal history. The court stated that it gave weight to the joint recommendation especially considering the victim had approved of the recommended sentence. It also noted the 21 letters written in support of appellant, including one from his eldest daughter. Appellant had expressed the offenses had occurred during a "dark period" of his life while he was going through marital problems and divorce. However, the court did not find this to be a mitigating factor, stating: "a lot of people have marital problems, half the people that are married now get divorced but * * * it doesn't approach in almost all circumstances what happened here. * * * [I]t doesn't give you the right or license or excuse to do what you did."

{¶10} To the contrary, the trial court emphasized the seriousness of the offense, appellant's close familial relationship with the victim, the repeated nature of the offenses, and the severe and life-long psychological impact on the victim, which it considered to be the most heavily weighted factor. It concluded the maximum sentence was "necessary to protect the public from future crime and for the appropriate punishment and that sentence is not disproportionate to the seriousness of [appellant's] conduct and the danger that [appellant] pose[s]".

{¶11} Our review of the record does not reveal any evidence the sentence was contrary to law: the sentence is within the statutory range and the trial court expressly

4

stated it considered the purposes and principles of sentencing in R.C. 2929.11 and the statutory factors in R.C. 2929.12. As we have previously held, "to the extent the trial court considered and applied the necessary statutory provisions, a sentence shall be deemed consistent and proportionate to those imposed for similar crimes." *Marker, supra, at* ¶34. The court weighed the "more serious" factors, including the severe and long-term impact on the victim, and determined to grant them greater weight than the less serious and low likelihood of recidivism factors. This is within the trial court's purview and the court did not err in doing so.

{¶12} In light of the forgoing, we conclude the sentence is supported by the record and is not clearly and convincingly contrary to law. Appellant's sole assignment of error lacks merit.

{¶13} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.