[Cite as *State v. Martin*, 2019-Ohio-2504.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-060** |
| ZACHARY A. MARTIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2017 CR 001260.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Richard J. Perez*, 4230 State Route 306, Suite 240, Willoughby, OH 44094 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}    Appellant, Zachary A. Martin, appeals from the April 23, 2018 judgment entry of the Lake County Court of Common Pleas, following a guilty plea, sentencing him on one count of sexual battery and one count of attempted sexual battery against a minor and classifying him a Tier III sex offender.  At issue on appeal are various constitutional challenges and appellant's 60-month prison sentence.  The judgment is affirmed.

{¶2} Appellant was a full-time information technology employee of Mentor Schools and an assistant girls' basketball coach at Mentor High School. In June 2017, on three separate occasions, appellant engaged in sexual conduct with a female student on his basketball team. Appellant was 28 years old; the victim was 16 years old. The encounters took place twice at appellant's home and once at the victim's home; they were arranged via text message and social media.

{¶3} On November 17, 2017, appellant was secretly indicted on ten counts of sexual battery, felonies of the third degree: five counts in violation of R.C. 2907.03(A)(7) and five counts in violation of R.C. 2907.03(A)(9).

{¶4} On March 7, 2018, appellant pled guilty, in writing and in open court, to one count of sexual battery, a third-degree felony, in violation of R.C. 2907.03(A)(9); and one lesser-included count of attempted sexual battery, a fourth-degree felony, in violation of R.C. 2907.03(A)(9) & R.C. 2923.02(A). The state agreed to move for dismissal of the remaining counts of the indictment at sentencing. Sentencing was deferred for preparation of a presentence investigation report, sexual offender evaluation, and victim impact statements.

{¶5} Appellant filed written objections to the statutory reporting requirements as a Tier III sex offender under R.C. 2950.01, arguing the statute violates the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the Separation of Powers Doctrine, and Article I, Sections 9, 10, and 16, of the Ohio Constitution. The state filed a response in opposition.

{¶6} A sentencing hearing was held April 18, 2018, at which time the trial court overruled appellant's objections to the statutory reporting requirements. Appellant was

classified a Tier III sex offender, pursuant to R.C. 2950.01, and was notified of his lifetime duty to register in person with the appropriate law enforcement officials every 90 days. The trial court sentenced appellant to 18 months in prison on the lesser-included offense of attempted sexual battery and 60 months in prison on the offense of sexual battery, to be served concurrent with each other.

{¶7} The judgment entry of sentence was filed April 23, 2018, in which the trial court entered a nolle prosequi on the remaining counts in the indictment. Appellant noticed an appeal from this entry and raises four assignments of error for our review:

> [1.] Ohio Revised Code Section 2950.01 is in violation of appellant's constitutional rights under the Ohio and United States Constitution, as such, R.C. 2950.01 is unconstitutional.
>
> [2.] Ohio Revised Code Section 2950.01 is in violation of appellant's Due Process rights under the Ohio and United States Constitution, as such, R.C. 2950.01 is unconstitutional.
>
> [3.] Ohio Revised Code Section 2950.01 is in violation of appellant's Eighth Amendment Rights under the Ohio and United States Constitutions, as such R.C. 2950.01 is unconstitutional.
>
> [4.] The trial court erred when it sentenced appellant in a manner inconsistent and disproportionate with other, similar Ohio cases and the sentences of [his] co-defendants.

{¶8} Under his first three assignments of error, appellant argues R.C. 2950.01, the sex offender classification statute, is in violation of appellant's constitutional rights under both the Ohio and United States Constitutions.

{¶9} "The constitutionality of a statute is a matter of law which an appellate court reviews de novo. Under this standard, this court conducts an independent review, giving no deference to the trial court's determination. Further, we bear in mind that legislative enactments enjoy a presumption of constitutionality. This means that courts must avoid

3

an unconstitutional construction where it is reasonably possible to do so." *State v. Jenson*, 11th Dist. Lake No. 2005-L-193, 2006-Ohio-5169, ¶5 (internal citations omitted).

{¶10} Under his first assignment of error, appellant asserts R.C. 2950.01 violates the Equal Protection Clauses of the Ohio and United States Constitutions, facially and as applied, because the manner in which the "tiers" of sex offenders are assigned to individuals is not rationally related to the statute's intended purpose. Appellant asserts, under his second assignment of error, that R.C. 2950.01 violates his Due Process rights under the Ohio and United States Constitutions because he was designated a Tier III sex offender without a hearing pursuant to R.C. 2950.01(G)(1)(a). Under his third assignment of error, appellant asserts R.C. 2950.01 violates his constitutional Eighth Amendment rights, proscribing all excessive and cruel and unusual punishments, because the tier designations are not proportioned to the offenses.

{¶11} These exact arguments were raised and rejected in the recent case of *State v. Merkle*, 11th Dist. Geauga No. 2016-G-0103, 2017-Ohio-8802. The defendant in *Merkle* was convicted of violations of R.C. 2907.03(A)(7); appellant was convicted of violations of R.C. 2907.03(A)(9). The statute provides:

> (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
>
> (7) The offender is a teacher, administrator, coach, or other person in authority employed by or serving in a school for which the state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code, the other person is enrolled in or attends that school, and the offender is not enrolled in and does not attend that school.
>
> * * *
>
> (9) The other person is a minor, and the offender is the other person's athletic or other type of coach, is the other person's instructor, is the

4

leader of a scouting troop of which the other person is a member, or is a person with temporary or occasional disciplinary control over the other person.

Pursuant to R.C. 2950.01(G)(1)(a), any person who is convicted of or pleads guilty to any violation of R.C. 2907.03 is classified a "Tier III sex offender." *See also* R.C. 2950.01(A)(1) & (B)(1). Tier III sex offenders are required to comply with the reporting and registration requirements found in R.C. Chapter 2950 until the offender's death. *See* R.C. 2950.07(B)(1).

**{¶12}** In *Merkle*, we determined R.C. 2950.01, as it relates to violations of R.C. 2907.03(A)(7), is not unconstitutional for the reasons argued by the appellant in that case. (1) The statute does not violate the Equal Protection Clauses of the Ohio or United States Constitutions: "R.C. 2907.03(A)(7) is rationally related to its intended purpose of preventing teachers, administrators, coaches, or other persons in authority employed by or servicing in a public school from taking unconscionable advantage of students no matter their age, by using their undue influence over the students in order to pursue sexual relationships." *Merkle*, *supra*, at ¶24, citing *State v. Shipley*, 9th Dist. Lorain No. 03CA008275, 2004-Ohio-434, ¶81 and *State v. Summers*, 3d Dist. Mercer No. 10-13-22, 2014-Ohio-4538, ¶51. (2) The statute does not violate Due Process: "Appellant was entitled to all the due process protections of a jury trial on the pending charges. By pleading guilty, he waived those rights. Appellant's classification as a Tier III sex offender was a required part of his criminal sentence as a result of his sexual battery convictions under R.C. 2907.03(A)(7)." *Id.* at ¶28, citing *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, ¶18 and *State v. Moore*, 2d Dist. Darke No. 2014-CA-13, 2015-Ohio-551, ¶10. (3) Nor does the statute violate the Eighth Amendment: based on precedent from the

5

Ohio Supreme Court and other appellate districts, it was determined "that the Tier III requirement and designation for adult sex offenders, at issue in the case at bar, does not constitute cruel and unusual punishment under the Ohio and United States constitutions." *Id.* at ¶32, citing *State v. Lukacs*, 188 Ohio App.3d 597, 2010-Ohio-2364, ¶66-67 (1st Dist.), *State v. Stidam*, 4th Dist. Adams No. 15CA1014, 2016-Ohio-7906, ¶51 & 58, *State v. Martin*, 8th Dist. Cuyahoga No. 102783, 2016-Ohio-922, ¶17-19, and *State v. Ortiz*, 185 Ohio App.3d 733, 2010-Ohio-38, ¶27 (9th Dist.); *see also State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, ¶27 & ¶35 (holding the Tier II registration requirement is not cruel and unusual punishment).

{¶13} Appellant herein raises the same exact arguments, claiming the statute is unconstitutional as it relates to R.C. 2907.03(A)(9). The logic of our opinion in *Merkle*, although relating to R.C. 2907.03(A)(7), applies equally to the case sub judice. R.C. 2950.01 is not unconstitutional as it relates to R.C. 2907.03(A)(9), the purpose of which is to prevent a minor's coach, instructor, scouting troop leader, or other person with temporary or occasional disciplinary control over the minor from taking unconscionable advantage of the minor by using their undue influence over the minor to pursue a sexual relationship.

{¶14} Appellant has not demonstrated that the strong presumption of constitutionality afforded to statutes has been overcome in this case. *See State v. Murphy*, 2d Dist. Montgomery Nos. 27801 & 27802, 2018-Ohio-3506, ¶32 (finding a clear rational basis for the classification statute).

{¶15} Appellant's first, second, and third assignments of error are without merit.

{¶16} Under his fourth assignment of error, appellant maintains the trial court erred by sentencing him in a manner disproportionate to the crime and inconsistent with sentences received by similar defendants in similar Ohio cases.

{¶17} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2), which provides that an appellate court may increase, reduce, modify, or vacate a felony sentence if it clearly and convincingly finds that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1.

{¶18} "The issue of 'proportionality' in sentencing is derived from the language of R.C. 2929.11. Specifically, R.C. 2929.11(A) sets forth the overriding purposes of felony sentencing, i.e., 'to protect the public from future crime by the offender and others and to punish the offender.' To achieve these purposes, R.C. 2929.11(B) provides a felony sentence must be 'commensurate and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.'" *State v. Marker*, 11th Dist. Portage No. 2006-P-0014, 2007-Ohio-3379, ¶33. The goal of felony sentencing is to achieve "consistency" not "uniformity." *State v. Sari*, 11th Dist. Lake No. 2016-L-109, 2017-Ohio-2933, ¶52 (citations omitted).

{¶19} To ensure a sentence complies with the overriding purposes of felony sentencing, the court imposing a felony sentence is required to consider the seriousness and recidivism factors found in R.C. 2929.12. "This court has held that a proper and circumspect application of the sentencing guidelines acts to ensure proportionality and consistency under R.C. 2929.11(B). Therefore, to the extent the trial court considered

7

and applied the necessary statutory provisions, a sentence shall be deemed consistent and proportionate to those imposed for similar crimes." *Marker, supra*, at ¶34 (internal citations omitted).

{¶20} The trial court "is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'" *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000); *see also State v. McGinnis*, 11th Dist. Lake No. 2015-L-096, 2016-Ohio-1362, ¶8. Further, the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶21} R.C. 2929.12(B) sets forth the following factors the trial court must consider as indicating the offender's conduct is *more* serious than conduct normally constituting the offense:

> (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
>
> (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
>
> (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
>
> (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
>
> (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

8

(6) The offender's relationship with the victim facilitated the offense.

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

{¶22} R.C. 2929.12(C) sets forth the following factors the trial court must consider as indicating the offender's conduct is *less* serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶23} Finally, R.C. 2929.12(D) & (E) set forth factors the trial court must consider to determine the likelihood of recidivism. The following factors from subsection (D) indicate the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release

control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

The following factors from subsection (E) indicate the offender is *not* likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

{¶24} At appellant's sentencing hearing, the trial court stated it had considered the overriding purposes and principles of felony sentencing in R.C. 2929.11 and "the need for incapacitation, deterrence and rehabilitation," and that it considered the sentence "to be commensurate and not demeaning to the seriousness of [appellant's] conduct and its impact on the victim." The trial court also considered the seriousness and recidivism factors under R.C. 2929.12 on the record, as follows:

> As far as the seriousness and recidivism factors the injury was exacerbated or wouldn't even exist but for the age and the status of the victim in relation to you. I believe in what I've reviewed that she has suffered serious psychological harm. You held a position of trust being her coach and that relationship facilitated this offense[;] but for that relationship all indications are it wouldn't have occurred.
>
> Under factors that are less serious I don't find any that are applicable.
>
> And I certainly don't find the victim induced or facilitated the offense. I say that because you're 28 and the coach and she's 16 the player.
>
> Under factors that indicate recidivism is more likely I don't find any that are applicable.
>
> Under factors that indicate recidivism is less likely you've got no prior involvement with the law, no juvenile involvement, no adult involvement and up until June of last year all indications are that you've led a law-abiding life for all those years. And I do believe you have remorse for the offense.
>
> And in addition the argument made that, by [your attorney] and by those who support you is that and actually by probation and the psych department is this is not likely to recur and part of the reason is because you've taken responsibility for what you've done and you have a network of support behind you and that continues and all these people that are here that wrote letters indicate they know what the charges are, they know what the activity is, they support you nonetheless.
>
> Under sentencing factors for felonies of the fourth degree I find that this is obviously a sex offense so you are not, I find that you are not amenable to community control.

11

{¶25} Finally, in its sentencing entry the trial court indicated it had considered the record; oral statements; victim impact statements, which had been provided by the victim's mother and father; the presentence investigation report; and drug and alcohol evaluations. The court further stated it considered the principles and purposes of sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors under R.C. 2929.12 before imposing sentence.

{¶26} Appellant argues the trial court improperly applied the "more serious" sentencing factors because the relationship between appellant and the victim, appellant's status to the victim, and the victim's age actually comprise the offense of which he was convicted. Although appellant has not provided support for this argument, there is case law that indicates "'[a] trial court may not elevate the seriousness of an offense by pointing to a fact that is also an element of the offense itself.'" *State v. Sims*, 4th Dist. Gallia No. 10CA17, 2012-Ohio-238, ¶16, quoting *State v. Davis*, 4th Dist. Washington No. 09CA28, 2010-Ohio-555, ¶24, citing *State v. Schlect*, 2d Dist. Champaign No. 2003-CA-3, 2003-Ohio-5336, ¶52; *see also State v. Galindo-Barjas*, 7th Dist. Mahoning No. 12 MA 37, 2013-Ohio-431, ¶11, citing *State v. Stroud*, 7th Dist. Mahoning No. 07 MA 91, 2008-Ohio-3187, ¶48. Here, however, the trial court did not impose sentence solely based on the relationship, status, or age factors. The court also indicated the victim had suffered serious psychological harm, a factor that finds support in the victim impact statements, both written and oral, provided by the victim's parents.

{¶27} The record supports a conclusion that the trial court relied on the necessary sentencing guidelines in sentencing appellant. Additionally, appellant's concurrent 18-month and 60-month sentences are within the statutory range under R.C.

12

2929.14(A)(3)(a) & (A)(4). Appellant has not demonstrated that the trial court sentenced him in a manner disproportionate to the crime or inconsistent with sentences received by similar defendants in similar Ohio cases. Appellant's sentence is not clearly and convincingly contrary to law.

{¶28} Appellant's fourth assignment of error is without merit.

{¶29} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

13