[Cite as *State v. Vanderhoof*, 2013-Ohio-5366.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-036** |
| DANIEL A. VANDERHOOF, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000846.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Daniel A. Vanderhoof, Jr., appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to an aggregate term of 16 years imprisonment followed by a 180-day term in the Lake County Jail. We affirm.

{¶2} In the early-morning hours of December 9, 2012, appellant was driving a vehicle in a residential neighborhood at speeds exceeding 60 mph. Appellant proceeded down a dead-end road, eventually crashing through an occupied home. Two

of the three family members in the home were seriously injured, one of which was a three-year-old boy. Appellant fled the scene, but was eventually apprehended. He was intoxicated and non-cooperative with officers. After his arrest, appellant's BAC was measured at .172.

{¶3} Appellant was indicted on the following 11 counts: (1) aggravated vehicular assault, a felony of the second degree, in violation of R.C. 2903.08(A)(1)(a), that specified appellant was driving under suspension; (2) aggravated vehicular assault, a felony of the second degree, in violation of R.C. 2903.08(A)(1)(a), that specified appellant was driving under suspension; (3) operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a); (4) aggravated vehicular assault, a felony of the second degree, in violation of R.C. 2903.08(A)(1)(a), that specified appellant was driving under suspension; (5) aggravated vehicular assault, a felony of the second degree, in violation of R.C. 2903.08(A)(1)(a), that specified appellant was driving under suspension; (6) operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(h); (7) vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(2)(b), that specified appellant was driving under suspension; (8) vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(2)(b), that specified appellant was driving under suspension; (9), driving under suspension, an unclassified misdemeanor, in violation of R.C. 4510.111(A); (10) failure to stop after an accident involving the property of others, a misdemeanor of the first degree, in violation of R.C. 4549.03(A); and (11) operating a motor vehicle without a valid license, a minor

misdemeanor, in violation of R.C. 4510.12(A)(1). Appellant entered a plea of not guilty to all charges.

{¶4} Appellant later withdrew his previous plea of not guilty and entered pleas of guilty to counts one, two, and three. The court nolled the remaining counts in the indictment and ordered a presentence investigation report. The matter came on for sentencing and, after a hearing, the court sentenced appellant to a mandatory prison term of eight years on count one; a mandatory prison term of eight years on count two; and 180 days of local incarceration on count three. The court ordered the terms imposed for counts one and two to be served consecutively to each other, for an aggregate term of 16 years. The court further ordered the 180-day term of local incarceration to follow appellant's prison term. Finally, the court ordered appellant to pay $62,240.41 in restitution to his victims.

{¶5} Appellant filed a timely notice of appeal and assigns two errors for our review. His first assignment of error provides:

{¶6} "The trial court erred by sentencing the defendant-appellant to maximum and consecutive terms of imprisonment."

{¶7} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26.

{¶8} H.B. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing scheme under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences.

{¶9} R.C. 2929.14(C)(4) provides:

{¶10} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶11} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶12} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part

4

of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶13}** (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶14}** Appellant does not assert his sentence was contrary to law. And, the record is clear, the trial court imposed sentences within the applicable felony range and made the appropriate findings in support of consecutive sentences. Appellant's argument therefore focuses upon the trial court's exercise of discretion in imposing sentence. In particular, appellant contends the trial court abused its discretion by failing to give appropriate consideration and adequate weight to his genuine remorse, his acknowledgement of his problems with alcohol and his acceptance of responsibility. We do not agree.

**{¶15}** At the sentencing hearing, the trial court stated it had considered the relevant seriousness and recidivism factors set forth under R.C. 2929.12. The court observed:

**{¶16}** There are a number of factors that make these crimes more serious. The victims, at least 2 of the victims suffered serious physical harm. Both of them came very close to death, based upon the physical harm done to them. The other child came close to serious physical harm. He was trapped in his toy [sic] in the room where you crashed into. The whole family suffered extreme psychological damage. Something that I would consider to along

5

the lines of post traumatic stress disorder. The family suffered serious economic harm. Your license was suspended at the time. You shouldn't have been in a vehicle at all. If you weren't in a vehicle, had you obeyed the suspension, then this crash could not have occurred. I don't find any factors that make this offense, these offenses less serious. In fact, I consider the aggravated vehicular assaults to be a worst form of those offenses. In terms of recidivism, not only were you driving on a suspended license, you have a previous criminal record that is substantial. You have a minor juvenile record of assault. You do have 2 prior driving under the influences, in 2002 and 2009. And a misdemeanor charge of possession of harmful intoxicants from 2002; resisting arrest and destroying city property in 2002; drug paraphernalia in 2002. Domestic violence in 2003; drug paraphernalia in 2003. Then you were in front of me on the felony charges. Two attempted burglaries and a domestic violence, and I gave you 3 ½ years in prison. The maximum was 4 years. I gave you 6 months less that the maximum. So I gave you a break by giving you 6 months less than the maximum on those 3 charges. You have a contempt of court in Willoughby in 2005. Petty theft in Mentor, 2005; disorderly conduct in Mentor in 2005; criminal damaging in Painesville in 2005. And then I gave you the 3 ½ years at the end of 2005, so you have no record between 2005 and 2009. So apparently I did a

6

good job in keeping society safe by keeping you in prison for 3 ½ years. Then you got out of prison, you got another OVI. Another drug abuse. Criminal damaging in 2010. Drug paraphernalia in '11; falsification in '12. And now this in 2012. You have a long previous criminal history. You have a rehabilitation failure after previous convictions. You failed to respond in the past to the probation that was given to you in the municipal courts, and you failed to respond to the 6 months less that the maximum consecutive the last time you were here. There's a pattern of drug and alcohol abuse with you, and you have refused to acknowledge a problem or to seek out treatment. And the Court finds no genuine remorse. You immediately fled the scene on foot. You immediately blamed someone else. You blamed the vehicle when you have no evidence that the vehicle was defective. And even if it was, you still can't use that to explain why are you going in excess - - well in excess - - of 60-some miles per hour on a residential street. And that was measured after the braking started. In fact, I believe this offense was committed under circumstances extremely likely to recur.

{¶17} The foregoing statements demonstrate the court gave careful consideration to the circumstances of the crimes to which appellant plead as well as appellant's personal history, both at the time of sentencing and his previous conduct. And even though appellant expressed remorse on record, the court was not obligated to

7

accept or give any particular credence to these representations. We therefore hold the trial court did not abuse its discretion when it imposed the maximum, consecutive sentences.

{¶18} Appellant's first assignment of error is without merit.

{¶19} Appellant's second assignment of error provides:

{¶20} "The trial court violated the defendant-appellant's rights to Equal Protection and Due Process under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B)."

{¶21} Appellant asserts the trial court erred because its sentence was not consistent with the sentences for similar crimes committed by similar offenders. We do not agree.

{¶22} R.C. 2929.11(B) provides:

{¶23} A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B).

{¶24} This court has held that consistency in sentencing is not a matter of comparing similar offenders or similar cases. *State v. DeMarco*, 11th Dist. Lake App. No. 2007-L-130, 2008-Ohio-3511, ¶25. In holding that cases cannot be formulaically compared in the abstract, we recognize the circumstances and realities attaching to one

8

case will always differ from another. *State v. Burrell*, 11th Dist. Portage No. 2009-P-0033, 2010-Ohio-6059. And, by designating a range from which a judge can choose an appropriate sentence, Ohio law acknowledges that harsher punishments may be necessary to accomplish the purposes of felony sentencing, even when different defendants commit the same crimes. *Id.* Consistency in sentencing is accordingly measured by a trial court's proper application and consideration of Ohio's sentencing guidelines. *State v. Price*, 11th Dist. Geauga No. 2007-G-2785, 2008-Ohio-1134, ¶33. Hence, for an appellant to demonstrate inconsistency in sentencing, he or she must show the trial court failed to properly consider the relevant statutory factors and guidelines. *Id.*

**{¶25}** As discussed above, the trial court gave careful and appropriate consideration to the relevant statutory guidelines when it imposed its sentence. We therefore hold the trial court's sentence was consistent pursuant to R.C. 2929.11(B).

**{¶26}** Appellant's second assignment of error lacks merit.

**{¶27}** For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

9