[Cite as *State v. Holnapy*, 2015-Ohio-4322.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2015-L-044** |
| - vs - | : | |
| | : | |
| JON W. HOLNAPY, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 09 CR 000692.

Judgment: Affirmed.


*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Jon W. Holnapy,* pro se, 1651 Mentor Avenue, #1508, Painesville, OH 44077 (Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jon W. Holnapy, appeals the judgment of the Lake County Court of Common Pleas denying his post-conviction motion to terminate his driver's license suspension following his conviction of operating a motor vehicle under the influence of alcohol ("OVI"). At issue is whether the trial court erred in denying appellant's motion. For the reasons that follow, we affirm.

{¶2} After appellant was found guilty of OVI with a specification of having previously been convicted of five OVI offenses, on June 10, 2010, the trial court sentenced him to two years for the OVI and three years on the specification, the terms to be served consecutively to each other, for a total sentence of five years in prison. The court also revoked appellant's driver's license for life.

{¶3} Appellant appealed his conviction and this court affirmed his conviction in *State v. Holnapy*, 194 Ohio App.3d 444, 2011-Ohio-2995 (11th Dist.). Appellant appealed his conviction twice to the Supreme Court of Ohio, but the Court denied both of his appeals at 130 Ohio St.3d 1478, 2011-Ohio-6124 and 132 Ohio St.3d 1517, 2012-Ohio-4021.

{¶4} About two years after appellant filed his direct appeal, he filed a "delayed" petition for post-conviction relief in the trial court. The trial court denied the petition. Appellant appealed the trial court's decision. In *State v. Holnapy*, 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, this court affirmed the trial court's judgment denying appellant's petition for post-conviction relief. Appellant then filed a motion for reconsideration, which this court subsequently denied.

{¶5} On March 25, 2015, five years after his sentence, appellant filed a motion to terminate his lifetime license suspension. The trial court denied the motion and appellant now appeals the trial court's ruling. He asserts two assignments of error. Because they are related, they shall be considered together. They allege:

{¶6} "The trial court erred when it imposed a lifetime driver's license suspension in a first time felony OVI of the fourth degree.

2

{¶7} "The trial court erred to the prejudice of Holnapy in sentencing him to a lifetime driver's license suspension."

{¶8} Based on the discussion that follows, appellant's sentence is not void and, thus, his present challenge to his license suspension is barred by the doctrine of res judicata. In the context of criminal cases, "a convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996). Because appellant's sentence is not void, he could have challenged, but failed to challenge, his license suspension in his direct appeal. As a result, the present challenge to his suspension is barred by res judicata.

{¶9} Appellant argues the trial court erred in suspending his driver's license for life because such suspension is outside the range of penalties authorized by statute and thus void. He argues that a lifetime license suspension is only available to those convicted of offenses resulting in a class two license suspension and that such suspension requires at least one prior felony OVI. He argues that because none of his five prior OVI convictions was a felony, the court should only have imposed a class three license suspension, which has a range of two to ten years.

{¶10} Appellant references several sections of the Revised Code in support of his argument, but those sections do not apply to the facts of this case and are therefore unavailing. For example, he cites R.C. 2903.06(B)(2)(viii), which provides: "[a]ggravated vehicular homicide * * * is a felony of the first degree, and the court shall

3

sentence the offender to a mandatory prison term * * * if * * * [t]he offender previously has been convicted of or pleaded guilty to a second or subsequent felony violation of division (A) of section 4511.19 of the Revised Code [OVI]."

{¶11} With respect to the instant case, pursuant to R.C. 4511.19(G)(1)(d)(iv), a person convicted of OVI with five or more prior OVI convictions within the last 20 years is subject to a class two license suspension. Contrary to appellant's argument, R.C. 4511.19(G)(1)(d)(iv) does *not* require any of the prior OVI convictions to be a felony. Further, R.C. 4510.02(A)(2) provides that a class two license suspension carries with it a definite range of license suspensions from three years to life. Both of these statutes apply to appellant's case because both became effective in 2004, several years before appellant committed the instant offense. *State v. Midcap*, 9th Dist. Summit No. 22908, 2006-Ohio-2854, ¶5 (regarding penalty enhancement to R.C. 4511.19 based on five prior OVI convictions); Legislative History to R.C. 4511.19; Legislative History to 4510.02.

{¶12} We therefore hold that appellant's lifetime license suspension was authorized by law and not void. As a result, the present challenge to his license suspension is barred by res judicata, and the trial court did not err in denying appellant's motion to terminate his suspension.

{¶13} In any event, even if appellant's present challenge was not barred by res judicata, his appeal would still lack merit because the trial court did not abuse its discretion in imposing a lifetime driver's license suspension on him. This court noted in *State v. Moore*, 11th Dist. Geauga No. 2014-G-3195, 2014-Ohio-5183, ¶5, that, post-H.B. 86, the trial court retains discretion to select a sentence within the respective felony

4

range*. Id. supra*, at ¶7. Thus, the trial court's decision in imposing a sentence within the statutory range is reviewed for an abuse of discretion. *Id.*

{¶14} In imposing felony sentences, trial courts must also consider the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Fortune*, 11th Dist. Geauga No. 2008-G- 2815, 2008-Ohio-3741, ¶14.

{¶15} Here, in the trial court's judgment denying appellant's motion to terminate his license suspension, the court noted that in its prior sentencing entry, it said it considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The court further stated in its judgment denying appellant's motion that after considering these matters, "the court determined that a lifetime license suspension was appropriate." The court stated that "[u]pon review, the court still finds this appropriate because of the defendant's likelihood of recidivism and the court's need to protect the public from serious harm."

{¶16} Because the trial court sentenced appellant within the statutory range of license suspensions and considered the statutory purposes and factors of felony sentencing in selecting the term of the suspension, the trial court did not abuse its discretion in imposing a lifetime license suspension as part of appellant's sentence.

{¶17} Appellant also argues that his lifetime driver's license suspension is inconsistent because other OVI offenders have been given lesser license suspensions. However, "a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency." *State v. Swiderski*, 11th Dist. Lake No. 2004-L-112, 2005-Ohio-

5

6705, ¶58. Since the trial court considered the purposes and principles of felony sentencing and the statutory sentencing factors, appellant's sentence is consistent.

{¶18} For the reasons stated in the Opinion of this court, the assignments of error are not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.