[Cite as *State v. Merkle*, 2017-Ohio-8802.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0103** |
| TYLER P. MERKLE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2016 C 000061.

Judgment: Affirmed.

*James R. Flaiz,* Geauga County Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Richard J. Perez,* Rosplock & Perez, Interstate Square Building I, 4230 State Route 306, #240, Willoughby, OH 44094 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Tyler P. Merkle, appeals from the October 31, 2016 judgment of the Geauga County Court of Common Pleas, sentencing him on four counts of sexual battery involving an underage student and labeling him a Tier III sex offender following a guilty plea. On appeal, appellant raises a constitutional challenge and takes issue with his 60-month prison sentence. Finding no reversible error, we affirm.

{¶2} Appellant was employed as a study hall aide, tutor, and athletic coach at Chardon High School. Appellant, who was 26 years old at the time, began a sexual relationship with a 15 year old female student between December 2015 and April 2016. Appellant exchanged love notes, cell phone communications, and pictures.

{¶3} On May 24, 2016, the Geauga County Grand Jury indicted appellant on twelve counts: counts one through ten, sexual battery, felonies of the third degree, in violation of R.C. 2907.03(A)(7); count eleven, illegal use of a minor in nudity oriented material or performance, a felony of the second degree, in violation of R.C. 2907.323(A)(1); and count twelve, illegal use of a minor in nudity oriented material or performance, a felony of the fifth degree, in violation of R.C. 2907.323(A)(3). Appellant was represented by counsel, pleaded not guilty to all charges, and waived his right to a speedy trial.

{¶4} On August 24, 2016, appellant withdrew his not guilty plea and entered into a plea agreement with appellee, the state of Ohio. Appellant pleaded guilty to counts one through four, sexual battery, felonies of the third degree, in violation of R.C. 2907.03(A)(7). The parties agreed that counts one through four do not merge for purposes of sentencing. The trial court accepted appellant's guilty plea, dismissed the remaining charges, and referred the matter to the Adult Probation Department for a presentence investigation and report.

{¶5} On October 31, 2016, the trial court sentenced appellant to 60 months in prison on each of the four sexual battery counts, to be served concurrently, for a total sentence of 60 months, and imposed a monetary fine. The court notified appellant that post-release control is mandatory for five years. The court further classified appellant

as a Tier III sex offender.[1]  Appellant filed a timely appeal and raises the following four assignments of error:

{¶6}  "[1.] Ohio Revised Code Section 2950.01 is in violation of appellant's constitutional rights under the Ohio and United States Constitution, as such, R.C. 2950.01 is unconstitutional.

{¶7}  "[2.] Ohio Revised Code Section 2950.01 is in violation of appellant's due process rights under the Ohio and United States constitution, as such, R.C. 2950.01 is unconstitutional.

{¶8}  "[3.] Ohio Revised Code Section 2950.01 is in violation of appellant's Eighth Amendment rights under the Ohio and United States constitutions, as such, R.C. 2950.01 is unconstitutional.

{¶9}  "[4.] The trial court erred when it sentenced appellant in a manner inconsistent and disproportionate with other, similar Ohio cases and the sentences of [h]is co-defendants."

{¶10}  In his first assignment of error, appellant argues that R.C. 2950.01 violates his constitutional rights.  Appellant asserts there is no rational basis in protecting the public from sex offenders by labeling individuals convicted of sexual battery under R.C. 2907.03 automatically with a Tier III status.  Appellant further asserts that the statute prohibiting sexual conduct between a student and a teacher, administrator, coach, or other person in authority employed by or serving in a school and the application of R.C. 2950.01 to that violation is not rationally related to a legitimate governmental purpose.

---

1. Appellant's counsel had objected to the lifetime reporting requirement on constitutional grounds.

{¶11} "The constitutionality of a statute is a matter of law which an appellate court reviews de novo." *State v. Jenson*, 11th Dist. Lake No. 2005-L-193, 2006-Ohio-5169, ¶5.

{¶12} Statutes are presumed constitutional. *State v. Noling*, 149 Ohio St. 3d 327, 2016-Ohio-8252, ¶9. Regarding an equal protection argument, "[b]efore a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" '(Citations omitted.) *Arbino v. Johnson & Johnson,* 116 Ohio St.3d 468, 2007-Ohio-6948, * * *, ¶25. The rational-basis 'test requires that a statute be upheld if it is rationally related to a legitimate government purpose. (* * *) Under such a review, a statute will not be invalidated if it is grounded on a reasonable justification, even if its classifications are not precise. (* * *).' (Parallel citation omitted.) *Id.* at ¶66." (Parallel citation omitted.) *State v. Valentyn*, 11th Dist. Lake No. 2015-L-072, 2015-Ohio-4834, ¶8.

{¶13} "* * * Ohio's classification of sexual offenders was altered by the passage of Senate Bill 10, Ohio's Adam Walsh Act. With the passage of Senate Bill 10, the General Assembly enacted a new classification and registration scheme introducing a tier structure. As such, an individual may be labeled as a Tier I, II, or III offender. An individual's registration and classification obligations under Senate Bill 10 depend on his or her crime, not upon his or her threat to the community." *State v. Metzger*, 11th Dist. Portage No. 2010-P-0077, 2011-Ohio-3749, ¶9.

{¶14} R.C. 2950.01 is the statutory scheme that classifies sex offenses and offenders into different categories. At issue here is R.C. 2950.01(G)(1)(a) which states:

{¶15} "(G) 'Tier III sex offender/child-victim offender' means any of the following:

{¶16} "(1) A sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:

{¶17} "(a) A violation of section 2907.02 or 2907.03 [sexual battery] of the Revised Code[.]"

{¶18} In this case, appellant pleaded guilty to four counts of sexual battery in violation of R.C. 2907.03(A)(7) which states:

{¶19} "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

{¶20} "* * *

{¶21} "(7) The offender is a teacher, administrator, coach, or other person in authority employed by or serving in a school for which the state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code, the other person is enrolled in or attends that school, and the offender is not enrolled in and does not attend that school."

{¶22} Appellant argues that the sexual battery statute as applied to a teacher, administrator, coach, or other person in authority employed by or serving in a public school, R.C. 2907.03(A)(7), is unconstitutional. "The legislature explained in enacting the statute that it intended to protect individuals in a variety of situations where another might take unconscionable advantage of that individual. See 1974 Committee Comment to R.C. 2907.03(A)(7). In 1994, the legislature amended the statute to include 2907.03(A)(7) in response to a case which held that teachers did not fall under any of the classifications in the prior statute." *State v. Shipley*, 9th Dist. Lorain No.

5

03CA008275, 2004-Ohio-434, ¶80 (holding that R.C. 2907.03(A)(7) is constitutional and does not violate equal protection); *see also State v. Summers*, 3d Dist. Mercer No. 10-13-22, 2014-Ohio-4538, ¶51-52 (holding that R.C. 2907.03(A)(7) is constitutional and there is a clear rational basis for the statute).

**{¶23}** The particular issue raised by appellant has not yet come before the Ohio Supreme Court. However, appellant's equal protection/constitutional challenge has been previously addressed and decided by our sister courts. *See Shipley, supra,* at ¶77, 80; *see also Summers, supra,* at ¶51-52. In fact, at oral argument, appellant's attorney conceded that the issues have been determined and that the law does not favor appellant.

**{¶24}** The precedent has upheld the legitimate governmental interest in tracking sex offenders post-conviction and that unconscionable sexual conduct, such as the case before us involving third degree felonies, supports lifetime reporting requirements. We find based upon precedent that the Tier III status under R.C. 2950.01(G)(1)(a), as it relates to R.C. 2907.03(A)(7), does not violate the equal protection clause. R.C. 2907.03(A)(7) is rationally related to its intended purpose of preventing teachers, administrators, coaches, or other persons in authority employed by or serving in a public school from taking unconscionable advantage of students, no matter their age, by using their undue influence over the students in order to pursue sexual relationships. Appellant has failed to show that the statute and tiers bear no rational relationship to a legitimate governmental purpose. *See Shipley, supra,* at ¶81; *see also Summers, supra,* at ¶51. Appellant has failed to demonstrate that the strong presumption of

6

constitutionality afforded to statutes has been overcome in this case. *See Summers, supra,* at ¶52.

**{¶25}** Appellant's first assignment of error is without merit.

**{¶26}** In his second assignment of error, appellant contends that R.C. 2950.01 is in violation of appellant's due process rights under the Ohio and United States constitutions. Appellant asserts a hearing is required before a trial court can impose a Tier III sex offender label.

**{¶27}** The Ohio Supreme Court in *State v. Hayden,* 96 Ohio St.3d 211, 2002-Ohio-4169, considered an argument that under the prior version of the sexual registration statute, a criminal defendant's automatic classification as a sexually oriented offender resulting from his conviction for a crime specified in the statute deprived him of procedural due process. The Supreme Court held that it did not. *Id.* ¶18.

**{¶28}** We determine the case before us to be indistinguishable from the holding in *Hayden.* Appellant was entitled to all the due process protections of a jury trial on the pending charges. By pleading guilty, he waived those rights. Appellant's classification as a Tier III sex offender was a required part of his criminal sentence as a result of his sexual battery convictions under R.C. 2907.03(A)(7). *See State v. Moore*, 2nd Dist. Darke No. 2014-CA-13, 2015-Ohio-551, ¶10.

**{¶29}** Appellant's second assignment of error is without merit.

**{¶30}** In his third assignment of error, appellant alleges that R.C. 2950.01 is in violation of his Eighth Amendment rights under the Ohio and United States constitutions.

{¶31} "For adult sexual offenders under R.C. Chapter 2950 (as enacted by S.B. 10, the Adam Walsh Act), trial courts have no discretion in labeling the offender." *State v. Martin*, 8th Dist. Cuyahoga No. 102783, 2016-Ohio-922, ¶15. The Ohio Supreme Court has held that the Tier II registration and address verification requirement for sex offenders does not constitute cruel and unusual punishment. *State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624.

{¶32} Our sister courts have likewise held that the Tier III requirement and designation for adult sex offenders, at issue in the case at bar, does not constitute cruel and unusual punishment under the Ohio and United States constitutions. *State v. Lukacs*, 188 Ohio App.3d 597, 2010-Ohio-2364, ¶66-67 (1st Dist.); *State v. Stidam*, 4th Dist. Adams No. 15CA1014, 2016-Ohio-7906, ¶51, 58; *State v. Martin*, 8th Dist. *supra* at ¶15, 17-19, 29; *State v. Ortiz*, 185 Ohio App.3d 733, 2010-Ohio-38, ¶27 (9th Dist.).

{¶33} Appellant's third assignment of error is without merit.

{¶34} In his fourth assignment of error, appellant maintains the trial court erred in sentencing him in a manner inconsistent and disproportionate with other similar Ohio cases and with the sentences of other defendants.

{¶35} "'(T)his court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.' *State v. Hettmansperger,* 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14. R.C. 2953.08(G) provides, in pertinent part:

{¶36} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶37}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶38}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶39}** "(b) That the sentence is otherwise contrary to law."

**{¶40}** "This court has held that consistency in sentencing is not a matter of comparing similar offenders or similar cases. *State v. DeMarco,* 11th Dist. Lake No. 2007-L-130, 2008-Ohio-3511, ¶25. In holding that cases cannot be formulaically compared in the abstract, we are ultimately acknowledging the circumstances and realities attaching to one case will always differ from another. *State v. Vanderhoof,* 11th Dist. Lake No. 2013-L-036, 2013-Ohio-5366, ¶24, citing *State v. Burrell,* 11th Dist. Portage No. 2009-P-0033, 2010-Ohio-6059. And, by designating a range from which a judge can choose an appropriate sentence, Ohio law recognizes that more severe punishments may be necessary to accomplish the purposes of felony sentencing, even if two defendants commit the same type of crime. *Id.* 'Consistency in sentencing is accordingly measured by a trial court's proper application and consideration of Ohio's sentencing guidelines.' *Vanderhoof, supra* citing *State v. Price,* 11th Dist. Geauga No. 2007-G-2785, 2008-Ohio-1134, ¶33. Thus, for an appellant to demonstrate

9

inconsistency in sentencing, he or she must show the trial court failed to properly consider the relevant statutory factors and guidelines. *Id.*" *State v. Moore*, 11th Dist. Geauga No. 2014-G-3195, 2014-Ohio-5183, ¶49.

**{¶41}** Appellant takes issue with R.C. 2929.11 and 2929.12. Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

**{¶42}** R.C. 2929.11, "Overriding purposes of felony sentencing," states in part:

**{¶43}** "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

**{¶44}** "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

**{¶45}** The guidelines contained in R.C. 2929.12, "Factors to consider in felony sentencing," state in part:

**{¶46}** "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

**{¶47}** "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

**{¶48}** "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

**{¶49}** "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

**{¶50}** "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

{¶51} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

{¶52} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

{¶53} "(6) The offender's relationship with the victim facilitated the offense.

{¶54} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.

{¶55} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

{¶56} "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

{¶57} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

{¶58} "(1) The victim induced or facilitated the offense.

{¶59} "(2) In committing the offense, the offender acted under strong provocation.

**{¶60}** "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

**{¶61}** "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

**{¶62}** "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

**{¶63}** "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

**{¶64}** "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

**{¶65}** "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised

Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

**{¶66}** "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

**{¶67}** "(5) The offender shows no genuine remorse for the offense.

**{¶68}** "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

**{¶69}** "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

**{¶70}** "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

**{¶71}** "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

**{¶72}** "(4) The offense was committed under circumstances not likely to recur.

**{¶73}** "(5) The offender shows genuine remorse for the offense."

**{¶74}** At the sentencing hearing, the trial court stated the following: it considered the purposes and principles of felony sentencing in arriving at a just sentence together with the seriousness and recidivism factors and balanced those factors and considered all relevant factors as well as the degree and type of felonies; the court took appellant's statement into account, as well as the PSI report, Dr. Risen's report (from the Center for

14

Marital and Sexual Health), the burden on state and local resources, appellant's sentencing memo, letters in support of appellant, victim impact correspondence, and the entire record; weighed the mitigation arguments; indicated that appellant's conduct was socially unaccepted, out of custom, illicit, criminal, felonious, and the crimes are very, very seriously regarded; acknowledged that appellant had done some good in his life but those good things did not cancel out appellant's conduct; noted that appellant, while engaging in sexual conduct with a 15 year old student, knew her age and had researched the potential penalties and was well aware of the serious consequences associated with his criminal activity; appellant showed a blatant disregard for the law; appellant was mature enough to know and did know right from wrong; appellant betrayed and abused a sacred trust of an underage high school student; it was not an impulse event but rather a persistent course of conduct; indicated that following appellant's arrest, he violated his bond conditions by continuing to contact the minor victim; and the court concluded that anything less than prison would be demeaning to the seriousness of the offense.

{¶75} Also, in its October 31, 2016 judgment, the trial court indicated it had considered the record, information, reports, and victim impact statement, based upon the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism sentencing factors under R.C. 2929.12 before imposing sentence.

{¶76} Accordingly, the record reflects the trial court gave due deliberation to the relevant statutory considerations. The court considered the purposes and principles of felony sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12, as evidenced from the record. Appellant was concurrently

15

sentenced to 60 months on four counts of sexual battery, felonies of the third degree, following a guilty plea. Thus, the court sentenced appellant within the statutory range under R.C. 2929.14(A) ("(3)(a) For a felony of the third degree that is a violation of section * * * 2907.03 [sexual battery] * * * of the Revised Code * * * the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.")

{¶77} Further, the record reveals the court properly advised appellant regarding post-release control. Therefore, the trial court complied with all applicable rules and statutes and, as a result, appellant's sentence is not clearly and convincingly contrary to law.

{¶78} Appellant's fourth assignment of error is without merit.

{¶79} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

16